UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20540
Summary Calendar

_____


WILLIAM L. EDMUNDSON, III,

                                        Plaintiff-Appellant,

versus


ALLIANCE MINING, INC.; ET AL;

                                        Defendants,

MKD CAPITAL CORPORATION; AVRAM
LEBOR; MICHAEL LEBOR; U.S. BANKCORP,
and operating under the assumed names,
formerly known as FIRST BANK SYSTEMS, INC.,
also known as U.S. BANK TRUST MANAGEMENT
DIVISION, also known as U.S. BANK TRUST;
FIDELITY NATIONAL TITLE INSURANCE, doing
business as FIDELITY NATIONAL FINANCIAL,
INC.; FIDELITY NATIONAL TITLE INSURANCE OF
NEW YORK, INC., doing business as FIDELITY
NATIONAL FINANCE, INC.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H:98-CV-2240)
_____
December 26, 2001
Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

        Plaintiff-Appellant William L. Edmundson, III ("Edmundson")

sued numerous individuals and companies under numerous theories of

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility for alleged losses arising from or connected with the failure of two of his real estate development projects to materialize. Implicated in this appeal, however, is but one of the original defendants (and the only one remaining in the litigation), Appellee Fidelity National Title Insurance Company ("Fidelity"), and but two among several causes of action asserted against Fidelity by Edmundson — fraud and negligent misrepresentation. Edmundson's notice of appeal listed the district court's grant of Fidelity's motion for summary judgment dismissing Edmundson's claims as well as the court's (1) denial of his motion for leave to file a fourth amended complaint and grant of Fidelity's motion to strike that complaint, (2) denial of his motion to alter, amend, and withdraw the judgment, (3) denial of his supplemental brief with newly discovered evidence, and (4) denial of his motion for relief from judgment. Edmundson has not, however, raised or addressed the court's disposition of his pre- or post-trial judgment motions, so we do not address anything but the district court's summary dismissal of his action.

In conducting our de novo review of the district court's grant of summary judgment dismissing Edmundson's remaining claims against Fidelity, we have carefully gone over the record on appeal and the applicable law as presented by counsel for Edmundson and Fidelity in their respective briefs, as well as by our independent research. Our plenary review satisfies us that the district court got it right.

Edmundson's fraud claim was properly dismissed by the grant of summary judgment for his failure to adduce sufficient summary

2

judgment evidence to raise a genuine issue of material fact on the intent element, specifically evidence that Fidelity or Lunde intended that the July 19, 1996 letter be relied on by any party other than the addressee for any purpose. Similarly, Edmundson has failed to raise a genuine issue of material fact that he was a known party or that his purpose was known, and Texas law requires that a successful plaintiff in a negligent misrepresentation claim demonstrate that the defendant furnished information to a known party for a known purpose.

For essentially the reasons assigned by the district court, its grant of summary judgment is, in all respects,

AFFIRMED.